RULEY, JUDGE:
This property damage claim in the sum of $1,600.00 grows out of an accident which happened at approximately 12:30 p.m. on May 5, 1978, on Hewitt Creek Road, a secondary road in Boone County. At the time and place of the accident, Hewitt Creek Road had a paved blacktop surface and was wide enough to accommodate two lanes of vehicular traffic. On April 11 or 12, 1978, the respondent had dug a ditch across the road, installed a drain pipe, and then backfilled the ditch. In the interim between that date until the time of the accident, the back-fill settled, and on one or more occasions, additional backfill material was placed in the ditch. The claimants’ home was located about one mile from the ditch. On the day of the accident, Mrs. Akers drove from her home to a service station, crossing the ditch on one side of the road uneventfully, and then began to return to her home. On the return trip, when her 1970 model Plymouth traversed the ditch on the other side of the road, its rear wheels caught. Remarkably, the wheels (along with their connecting undercarriage) were torn free from the vehicle, causing its front end to swing to the right and collide with a tree. According to the claimants’ testimony, the ditch at that place and on that side of the road was six to eight inches deep, and the speed of the Plymouth, when it entered the ditch, was approximately ten miles per hour.
*316 The respondent’s Boone County Supervisor testified that he personally checked the ditch nearly five times during the 23 or 24-day period between the date it was dug and the date of the accident; that a foreman also checked it from time to time; that it was checked at least once or twice every week; that, whenever it was found that the backfill had settled, it again was leveled; and that it was re-paved on May 25, 1978. In addition, he testified that the only complaints about the ditch received before May 5 were two or three telephone calls, the gist of which were inquiries concerning re-paving and comments that the ditch was a little rough.
Although the backfilled ditch would appear to have a relatively high potential for creating a dangerous condition, due to the propensity of backfill to settle unevenly, it is not an inherently dangerous object. Its high risk potential apparently was recognized, inasmuch as the respondent checked its condition frequently and endeavored to keep the backfill even with the pavement. 1'n view of all of the evidence, the Court cannot conclude that the respondent was guilty of negligence which proximately caused the accident, and, accordingly, this claim should be denied.
Claim disallowed.